UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRAYAN ANTONIO MOLINA HERNANDEZ,

Petitioner,

v.

GREGORY J. ARCHAMBEAULT, in his official capacity, et al.,

Respondents.

Case No.: 26cv5563-LL-SBC

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Brayan Antonio Molina Hernandez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. ECF No. 1 ("Pet."). The government filed a Response [ECF No. 4], and Petitioner filed a Traverse [ECF No. 5]. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Honduras who entered the United States as a minor in 2010 without inspection and without apprehension. Pet. ¶ 2. On August 27, 2025, he was charged and detained on criminal charges that were dismissed on June 23, 2026. ECF No. 4-1 at 4.

Petitioner was not released but instead convicted of a previous marijuana possession charge that had been unresolved. *Id.*; Pet. ¶ 6, 21. After serving a sentence of about forty-five days, Petitioner was transferred over to Immigration and Customs Enforcement custody on September 10, 2026 and moved from a correctional facility in Oklahoma to the Imperial Regional Detention Facility in Calexico, California. Pet. ¶¶ 5, 7–8, 20–22; ECF No. 4-1 at 4. He was "processed as warrant of arrest/notice to appear and remains in custody." ECF No. 4-1 at 5.

On September 28, 2026, Petitioner filed the instant Amended Petition. Pet. Petitioner has not received a bond hearing. *Id.* ¶ 26.

## II. LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III. DISCUSSION

The government acknowledges that Mr. Molina Hernandez's detention is subject to 8 U.S.C. § 1226(a) and states that it does not oppose the grant of a bond hearing pursuant to § 1226(a). ECF No. 4 at 2; *see also Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Petitioner agrees that he is detained subject to § 1226(a) but argues that the revocation of his liberty without notice and a hearing violates the Fifth Amendment's Due Process Clause and requires his immediate release. Pet. ¶¶ 31–33; ECF No. 5 at 3–5.

The Court finds that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and that a bond hearing is the appropriate remedy in this case. Petitioner relies on cases in which individuals who had been previously released from immigration custody were re-

detained without notice or a hearing, in violation of their due process rights. ECF No. 4 at 3–5. Those cases are inapposite because Petitioner was not previously paroled or released from immigration custody. He entered the country undetected. As both Petitioner and the government acknowledge, Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), whose members entered the United States without inspection and without apprehension. Pet. ¶¶ 32–33; ECF No. 4 at 2 n.1; *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part,* 813 F. Supp. 3d 1075 (C.D. Cal. 2025), and *amended and superseded on reconsideration,* 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Those class members are deemed to be detained under 8 U.S.C. § 1226(a) and eligible for a bond hearing, not immediate release. *See Maldonado Bautista*, 2025 WL 3678485 at *1.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Petition.

## IV. CONCLUSION

For the reasons above, the Court **ORDERS**:

1. Mr. Molina Hernandez's Petition for Writ of Habeas Corpus is **GRANTED IN PART AND DENIED IN PART**.

2. The government shall provide Mr. Molina Hernandez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **<u>fourteen days</u>** of the date of this order, unless Mr. Molina Hernandez requests a continuance.[1]

/ / /

/ / /

[1] In a bond hearing under 8 U.S.C. § 1226(a), the burden is on the detainee to demonstrate by a preponderance of the evidence that he is not a flight risk or danger to the community. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citation omitted).

3. The Clerk of Court shall enter judgment in Mr. Molina Hernandez's favor and close this case.

**IT IS SO ORDERED**.

Dated: November 9, 2026

Honorable Linda Lopez
United States District Judge